IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Danxiao Information Technology Ltd., Shenzhen Love Sense Technology Co. Ltd., and Shenzhen Aigan Technology Co. Ltd., (collectively d/b/a "Lovense"),<br><br>Plaintiff,<br><br>v.<br><br>Shenzhen Xiaoteng Technology Limited (d/b/a "Folove", "DOLP", "MYLUSH", "SzDo Home", "DoHome Direct", "My Doit", and "Xiaoteng"),<br><br>Defendant. | Case No. 22-cv-5835<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey Cummings |

**FINAL DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Danxiao Information Technology Ltd., Shenzhen Love Sense Technology Co. Ltd., and Shenzhen Aigan Technology Co. Ltd., (collectively d/b/a "Lovense" and collectively referred to herein as "<u>Lovense</u>"), against Defendant Shenzhen Xiaoteng Technology Limited (d/b/a "Folove", "DOLP", "MYLUSH", "SzDo Home", "DoHome Direct", "My Doit", and "Xiaoteng" and collectively referred to as the "Defendant"), and Lovense having moved for entry of Default and Default Judgment against the Defendant;

This Court having entered a preliminary injunction; Lovense having properly completed service of process on Defendant, the combination of providing notice via electronic publication and e-mail, along with any notice that Defendant received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defendant of the pendency of the action and affording them the opportunity to answer and present

its objections; and the Defendant having not answered, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defendant because Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Defendant has provided a basis to conclude that it has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and has sold products using infringing and counterfeit versions of Lovense's federally registered trademarks (the "Lovense Trademarks"), copyrights (the "Lovense Copyrights") and patents (the "Lovense Patents") to residents of Illinois.

In this case, Lovense has presented screenshot evidence that Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the Lovense Trademarks. *See* Docket No.43, which includes screenshot evidence confirming that Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the Lovense Trademarks.

This Court finds that all issues raised in Plaintiff's Amended Complaint are resolved in Plaintiff's favor. A list of the relevant Lovense Trademarks, Copyrights and Patents is included in the below chart.

| Registered Trademark | Registered Copyright | Registered Patent |
|---|---|---|
| 4722591, "LOVENSE", International Class 10 | VA2-286-349, "Lush3-Bluetooth Remote Control Vibrator" | D948,069S |

| | | |
|---|---|---|
| 5622205, "LOVENSE", International Class 9 | VA2-330-356, "Lush2-Bluetooth Remote Control Vibrator" | D792,980S |
| 6903638, "LUSH", International Class 10 | VA2-328-479, "Lush-Bluetooth bullet vibrator" | |
| | VA2-338-994, "Lush1-Bluetooth bullet vibrator" | |

This Court further finds that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq.*) as well as copyright infringement (17 U.S.C. §106) and patent infringement (35 U.S.C. §271).

Accordingly, this Court orders that Lovense's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defendant is deemed in default, and that this Default Judgment is entered against Defendant.

This Court further orders that:

1. Defendant's Trademark Registration No. 6284622 is cancelled pursuant to 15 U.S.C. §1119.

2. Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the Lovense Trademarks, Copyrights, Patents, or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Lovense product or not authorized by Lovense to be sold in connection with the Lovense Trademarks, Copyrights and Patents;

3

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Lovense product or any other product produced by Lovense, that is not Lovense's or not produced under the authorization, control, or supervision of Lovense and approved by Lovense for sale under the Lovense Trademarks, Copyrights and Patents;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Lovense, or are sponsored by, approved by, or otherwise connected with Lovense;

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Lovense, nor authorized by Lovense to be sold or offered for sale, and which bear any of Lovense's trademarks, including the Lovense Trademarks, or any reproductions, counterfeit copies or colorable imitations; and

    e. developing, maintaining, operating, selling, offering to sell, or enabling any user or third party to use any application containing the Lovense Trademarks, Copyrights or Patents.

3. Defendant shall immediately destroy any and all products, packaging, advertising, or other materials related to the Lovense Trademarks, Copyrights or Patents pursuant to 15 U.S.C. §1118.

4. Upon Lovense's request, Defendant shall provide Lovense a list of all inventory sold in connection with the Lovense Trademarks, Copyrights or Patents, whether while using the name "Folove", "DOLP", "MYLUSH", "SzDo Home", "DoHome Direct", "My Doit", and "Xiaoteng", or while using any other name not expressly cited in the present Order.

5. Upon Lovense's request, Defendant shall provide Lovense a detailed account of all profits made in connection with the Lovense Trademarks, Copyrights or Patents, whether while using the name "Folove", "DOLP", "MYLUSH", "SzDo Home", "DoHome Direct", "My Doit", and "Xiaoteng", or while using any other name not expressly cited in the present Order.

6. The domain name registries for the Defendant Domain Names, and the Public Interest Registry, and the domain name registrars, within seven (7) calendar days of receipt of this Order, shall, at Lovense's choosing:

    a. transfer the Defendant Domain Names to Lovense's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of Lovense's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Lovense's selection; or

    b. disable the Defendant Domain Names and make them inactive and untransferable.

7. Defendant and any third party with actual notice of this Order who is providing services for the Defendant, or in connection with any of the Defendant's Online Marketplaces, including, without limitation, any of the online marketplace platforms listed on <u>Schedule A</u> of this Order (collectively, the "<u>Third Party Providers</u>"), shall, within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defendant could continue to sell counterfeit and infringing goods using the Lovense Trademarks, Copyrights or Patents; and

        b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Lovense Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Lovense product or not authorized by Lovense to be sold in connection with the Lovense Trademarks, Copyrights or Patents.

8. Defendant and any third party with actual notice of this Order who is providing services for the Defendant, or in connection with any of the Defendant's Online Software or Application, including, without limitation, Google, Apple, and other App Platforms (collectively, the "<u>Third Party Providers</u>"), shall, within seven (7) calendar days of receipt of this Order cease:

        a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Application, or any other online software that is being used to sell or offer for use of, or is the means by which Defendant could continue to sell or offer for use of counterfeit and infringing goods using the Lovense Trademarks, Copyrights or Patents; and

        b. operating and/or hosting applications that are involved with the distribution, marketing, advertising, offering for sale, sale or use of any product bearing the Lovense Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Lovense product or not authorized by Lovense to be sold in connection with the Lovense Trademarks, Copyrights or Patents.

9. Upon Lovense's request, those with notice of this Order, including the Third Party Providers as defined in Paragraphs 6 and 7, shall within seven (7) calendar days after

receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of counterfeit and infringing goods using the Lovense Trademarks, Copyrights or Patents.

10. Pursuant to 15 U.S.C. § 1117(c)(2), Lovense is awarded statutory damages from the Defendant in the amount of $3,000,000.00 for willful use of counterfeit Lovense Trademarks on products sold through at least the Defendant Internet Stores.

11. Pursuant to 17 U.S.C. § 504(c)(2), Lovense is awarded statutory damages from the Defendant in the amount of $600,000.00 for willful use of counterfeit Lovense Copyrights on products sold through at least the Defendant Internet Stores.

12. Lovense is awarded ongoing attorneys' fees and legal costs in an amount to be determined and submitted to the Court for approval.

13. Any Third Party Providers holding funds for Defendant, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Wish.com, Ant Financial Services Group ("Ant Financial"), and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defendant or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraphs 9-11 above) or other of Defendant's assets.

14. All monies (up to the amount of the statutory damages awarded in Paragraphs 9-10 above) currently restrained in Defendant's financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released to Lovense as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Wish.com, Ant Financial,

and Amazon Pay, are ordered to release to Lovense the amounts from Defendant's financial accounts within fourteen (14) calendar days of receipt of this Order.

15. Until Lovense has recovered full payment of monies owed to it by any Defendant, Lovense shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

16. In the event that Lovense identifies any additional online marketplace accounts or financial accounts owned by Defendant, Lovense may send notice of any supplemental proceeding, including a citation to discover assets, to Defendant by e-mail at any e-mail addresses provided for Defendant by third parties.

This is a Default Judgment.

Dated: July 21, 2023

_Thomas M Durkin_

Hon. Thomas M. Durkin
United States District Judge

**Schedule A**

| No. | Online Marketplaces | No. | Online Marketplaces |
|---|---|---|---|
| 1 | amazon.com | 2 | taobao.com |
| 3 | ebay.com | 4 | tmall.com |
| 5 | walmart.com | 6 | alibaba.com |
| 7 | wish.com | 8 | aliexpress.com |
| 9 | mercadolibre.com | 10 | 1688.com |
| 11 | etsy.com | 12 | jd.com |
| 13 | bestbuy.com | 14 | pinduoduo.com |
| 15 | lazada.com | 16 | made-in-china.com |
| 17 | shopee.com | 18 | DHgate.com |
| 19 | tokopedia.com | 20 | onbuy.com |
| 21 | bol.com | 22 | allegro.pl |
| 23 | whizz.ae | 24 | olx.pl |
| 25 | cdiscount.com | 26 | gmarket.co.kr |
| 27 | ruten.com.tw | 28 | rakuten.co.jp |