IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Danxiao Information Technology Ltd., Shenzhen Love Sense Technology Co. Ltd., and Shenzhen Aigan Technology Co. Ltd., (collectively d/b/a "Lovense"), <br><br> Plaintiffs, <br><br> v. <br><br> Shenzhen Xiaoteng Technology Limited and the Entities Listed on Exhibit A, <br><br> Defendants. | Case No. 22-cv-5835 <br><br> **Judge Thomas M. Durkin** <br><br> **Magistrate Judge Jeffrey I. Cummings** |

**FINAL DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Danxiao Information Technology Ltd., Shenzhen Love Sense Technology Co. Ltd., and Shenzhen Aigan Technology Co. Ltd., (collectively d/b/a "Lovense" and collectively referred to herein as "<u>Lovense</u>"), against Defendant Shenzhen Xiaoteng Technology Limited (d/b/a "Folove", "DOLP", "MYLUSH", "SzDo Home", "DoHome Direct", "My Doit", and "Xiaoteng") and the Entities Listed on Amended Exhibit A collectively referred to as the "<u>Defaulting Defendants</u>"), and Lovense having moved for entry of Default and Default Judgment against the Defaulting Defendants;

Lovense having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present its objections; and the Defaulting Defendants having not answered, and the time for answering having expired, so that

the allegations of the Third Amended Complaint (the "Complaint") are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over the Defaulting Defendants because they directly target their business activities toward consumers in the United States, including Illinois. Specifically, the Defaulting Defendants have provided a basis to conclude that it has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and has sold products using infringing and counterfeit versions of Lovense's federally registered trademarks (the "Lovense Trademarks"), copyrights (the "Lovense Copyrights") and design patents (the "Lovense Patents") to residents of Illinois.

In this case, Lovense has presented screenshot evidence that Defaulting Defendants e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the Lovense Trademarks, which includes screenshot evidence confirming that the Defaulting Defendants' e-commerce stores does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the Lovense Trademarks.

This Court finds that all issues raised in the Complaint are resolved in Plaintiff's favor. A list of the relevant Lovense Trademarks, Copyrights and Patents is included in the below chart.

| Registered Trademark | Registered Copyright | Registered Patent |
|---|---|---|
| 4722591, "LOVENSE", International Class 10 | VA2-286-349, "Lush3-Bluetooth Remote Control Vibrator" | D948,069S |

| 5622205, "LOVENSE", International Class 9 | VA2-330-356, "Lush2-Bluetooth Remote Control Vibrator" | D792,980S |
| --- | --- | --- |
| 6903638, "LUSH", International Class 10 | VA2-328-479, "Lush-Bluetooth bullet vibrator" | |
| | VA2-338-994, "Lush1-Bluetooth bullet vibrator" | |

This Court further finds that Defendant is liable for federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq.*) as well as copyright infringement (17 U.S.C. §106) and patent infringement (35 U.S.C. §271).

Accordingly, this Court orders that Lovense's Motion for Entry of Default and Default Judgment is GRANTED as follows, that the Defaulting Defendants are deemed in default, and that this Default Judgment is entered against the Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Lovense Trademarks, Copyrights, Patents, or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Lovense product or not authorized by Lovense to be sold in connection with the Lovense Trademarks, Copyrights and Patents;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Lovense product or any other product produced by Lovense, that is not Lovense's or

    not produced under the authorization, control, or supervision of Lovense and approved by Lovense for sale under the Lovense Trademarks, Copyrights and Patents;

  c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Lovense, or are sponsored by, approved by, or otherwise connected with Lovense;

  d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Lovense, nor authorized by Lovense to be sold or offered for sale, and which bear any of Lovense's trademarks, including the Lovense Trademarks, or any reproductions, counterfeit copies or colorable imitations; and

  e. developing, maintaining, operating, selling, offering to sell, or enabling any user or third party to use any application containing the Lovense Trademarks, Copyrights or Patents.

2. Defaulting Defendants shall immediately destroy any and all products, packaging, advertising, or other materials related to the Lovense Trademarks, Copyrights or Patents pursuant to 15 U.S.C. §1118.

3. Upon Lovense's request, Defaulting Defendants shall provide Lovense a list of all inventory sold in connection with the Lovense Trademarks, Copyrights or Patents, whether while using the name "Folove", "DOLP", "MYLUSH", "SzDo Home", "DoHome Direct", "My Doit", and "Xiaoteng", or while using any other name not expressly cited in the present Order.

4. Upon Lovense's request, the Defaulting Defendants shall provide Lovense a detailed account of all profits made in connection with the Lovense Trademarks, Copyrights or

    Patents, whether while using the name "Folove", "DOLP", "MYLUSH", "SzDo Home", "DoHome Direct", "My Doit", and "Xiaoteng", or while using any other name not expressly cited in the present Order.

5. The domain name registries for the Defaulting Defendants' Domain Names, and the Public Interest Registry, and the domain name registrars, within seven (7) calendar days of receipt of this Order, shall, at Lovense's choosing:

    a. transfer the Defaulting Defendants' Domain Names to Lovense's control, including unlocking and changing the registrar of record for Defaulting Defendants' Domain Names to a registrar of Lovense's selection, and the domain name registrars shall take any steps necessary to transfer the Defaulting Defendants' Domain Names to a registrar of Lovense's selection; or

    b. disable the Defaulting Defendants' Domain Names and make them inactive and untransferable.

6. Defaulting Defendants and any third party with actual notice of this Order who is providing services for the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any of the online marketplace platforms (the "Third Party Providers"), shall, within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which the Defaulting Defendants could continue to sell counterfeit and infringing goods using the Lovense Trademarks, Copyrights or Patents; and

      b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Lovense Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Lovense product or not authorized by Lovense to be sold in connection with the Lovense Trademarks, Copyrights or Patents.

7. Defaulting Defendants and any third party with actual notice of this Order who is providing services for the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Software or Application, including, without limitation, Google, Apple, and other App Platforms (collectively, the "<u>Third Party Providers</u>"), shall, within seven (7) calendar days of receipt of this Order cease:

      a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Application, or any other online software that is being used to sell or offer for use of, or is the means by which the Defaulting Defendants could continue to sell or offer for use of counterfeit and infringing goods using the Lovense Trademarks, Copyrights or Patents; and

      b. operating and/or hosting applications that are involved with the distribution, marketing, advertising, offering for sale, sale or use of any product bearing the Lovense Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Lovense product or not authorized by Lovense to be sold in connection with the Lovense Trademarks, Copyrights or Patents.

8. Upon Lovense's request, those with notice of this Order, including the Third Party Providers as defined in Paragraphs 6 and 7, shall within seven (7) calendar days after

        receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of counterfeit and infringing goods using the Lovense Trademarks, Copyrights or Patents.

9. Pursuant to 15 U.S.C. §1117(c)(2) and 17 U.S.C. §504(c)(2), Lovense is awarded statutory damages from the Defaulting Defendants in the amount of $200,000 per Defaulintg Defendant for Trademark infringement and $30,000 per Defaulting Defendant for Copyright infringement, in the total amounts set forth on Amended Exhibit A to this Default Judgment Order for the use of counterfeit Lovense Trademarks and Copyrights on products sold through at least the Defaulting Defendant Internet Stores.

10. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Inc., Alibaba, AliExpress, eBay, Walmart.com, and Amazon shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 9) or other of the Defaulting Defendants' assets.

11. All monies (up to the amount of the statutory damages awarded in Paragraph 9 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by JPMorganChase, Citibank, WellsFargo and Third Party Providers such as PayPal, Alibaba, AliExpress, eBay, Walmart.com, and Amazon, are hereby released to Lovense as partial payment of the above-identified damages, and the financial institutions and Third Party Providers are ordered to release to Lovense the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

12. Until Lovense has recovered full payment of monies owed to it by any Defaulting Defendant, Lovense shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

13. In the event that Lovense identifies any additional online marketplace accounts or financial accounts owned by a Defaulting Defendant, Lovense may send notice of any supplemental proceeding, including a citation to discover assets, to the Defaulting Defendant by e-mail at any e-mail addresses provided for the Defaulting Defendant by third parties.

This is a Final Jugment.

Dated: March 5, 2024

*Thomas M Durkin*

Hon. Thomas M. Durkin
United States District Judge

# AMENDED EXHIBIT A

| No. | Marketplace | Infringing Listing | Store Name/Seller ID | Damages* |
|---|---|---|---|---|
| 1 | Amazon | https://www.amazon.com/dp/B09W9KZ87L | Timelid - A2C12SVD7Y778T | $30,000 |
| 2 | | https://www.amazon.com/dp/B0BRB8YZK1 | | $30,000 |
| 3 | | https://www.amazon.com/dp/B09156SMJ2 | | $30,000 |
| 4 | | https://www.amazon.com/dp/B0BQVX8DHS | | $30,000 |
| 5 | | https://www.amazon.com/dp/B08R8CF368 | | $30,000 |
| | | ■■■ | ■■■ | ■■■ |
| 10 | | https://www.amazon.com/dp/B0B6F4CXTV | The Winter's Store - A2FLVVAZII9QSY | $230,000 |
| 11 | | https://www.amazon.ca/dp/B0B45W9YRX | Lemonpard - A3KDNQB0PGLP9V | $30,000 |
| | | ■■■ | ■■■ | ■■■ |
| 14 | Alibaba | https://www.alibaba.com/product-detail/s_1600251272309.html | Shenzhen Xuanhuo Tribe Technology Co., Ltd. | $30,000 |
| 15 | | https://www.alibaba.com/product-detail/s_1600655948605.html | Dongguan Liya Electronic Co., Ltd. | $30,000 |
| | | ■■■ | ■■■ | ■■■ |
| 17 | | https://www.alibaba.com/product-detail/s_1600372699567.html | Hebei Aimes Health Technology Co., Ltd. | $230,000 |
| 18 | | https://www.alibaba.com/product-detail/s_1600109018166.html | Guangzhou Lile Health Technology Co., Ltd. | $30,000 |
| 19 | | https://www.alibaba.com/product-detail/s_1600244970864.html | Guangzhou Mengma Technology Co., Ltd. | $30,000 |
| 20 | | https://arabic.alibaba.com/product-detail/s-1600209056229.html | Tianjin Dajiuxing Technology Co., Ltd. | $30,000 |
| 21 | | https://www.alibaba.com/product-detail/s_1600526166789.html | Xiamen Moglovers Technology Co., Ltd. | $30,000 |
| 22 | | https://www.alibaba.com/product-detail/s_1600462676071.html | Shenzhen SAC Technology Co., Ltd. | $30,000 |
| 23 | | https://www.alibaba.com/product-detail/s_10000004443171.html | Shenzhen Dazhan Technology Co., Ltd. | $30,000 |
| 24 | eBay | https://www.ebay.com/itm/325420519447 | jeff38700 | $230,000 |
| 25 | | https://www.ebay.com/itm/394657399629 | valink888 | $30,000 |
| 26 | | https://www.walmart.com/ip/5019755537 | Artnyutu | $30,000 |
| 27 | | https://www.walmart.com/ip/1353841016 | Lealuxes | $30,000 |
| 28 | | https://www.walmart.com/ip/2612894290 | | |
| 29 | | https://www.walmart.com/ip/3007285592 | | |
| 30 | | https://www.walmart.com/ip1779175315 | | |
| 31 | | https://www.walmart.com/ip/2445150587 | | |

| | | | | |
|---|---|---|---|---|
| 32 | | https://www.walmart.com/ip/2410085889 | | |
| 33 | | https://www.walmart.com/ip/3782165368 | | |
| 34 | | https://www.walmart.com/ip/1849089871 | | |
| 35 | | https://www.walmart.com/ip/3486986011 | | |
| 36 | | https://www.walmart.com/ip/2953632034 | | |
| 37 | | https://www.walmart.com/ip/3923960533 | | |
| 38 | | https://www.walmart.com/ip/3970830391 | | |
| 39 | | https://www.walmart.com/ip/1567216461 | | |
| 40 | | https://www.walmart.com/ip/3620608870 | | |
| 41 | | https://www.walmart.com/ip/2377431165 | | |
| 42 | | https://www.walmart.com/ip/3335398177 | | |
| 43 | | https://www.walmart.com/ip/2379730231 | | |
| 44 | | https://www.walmart.com/ip/3847863920 | | |
| 45 | | https://www.walmart.com/ip/1757724771 | | |
| 46 | | https://www.walmart.com/ip/3528119705 | | |
| 47 | | https://www.walmart.com/ip/2151687982 | | |
| 48 | | https://www.walmart.com/ip/3552152765 | | |
| 49 | | https://www.walmart.com/ip/2395588054 | | |
| 50 | Walmart | https://www.walmart.com/ip/1609939266 | SiWeiKeJiBusiness - Full Business Name: SiWei(GuangZhou)XinXiKeJiYouXianGongSi, Tian He Qu Tian Yuan Lu 804 Hao Da Yuan Nei 17 Dong Zi Bian A03-101(Y156 Shi) Guangzhou, GD 510000, CN | $30,000 per store |
| 51 | | https://www.walmart.com/ip/3326834708 | | |
| 52 | | https://www.walmart.com/ip/2254251856 | | |
| 53 | | https://www.walmart.com/ip/2720134938 | | |
| 54 | | https://www.walmart.com/ip/1617657885 | | |
| 55 | | https://www.walmart.com/ip/1018542537 | | |
| 56 | | https://www.walmart.com/ip/3292621959 | | |
| 57 | | https://www.walmart.com/ip/2378169524 | | |
| 58 | | https://www.walmart.com/ip/3946714227 | | |
| 59 | | https://www.walmart.com/ip/2572341444 | | |
| 60 | | https://www.walmart.com/ip/1589029657 | | |
| 61 | | https://www.walmart.com/ip/2388446006 | | |
| 62 | | https://www.walmart.com/ip/3642448221 | | |
| 63 | | https://www.walmart.com/ip/2199438379 | | |
| 64 | | https://www.walmart.com/ip/2335748773 | | |

| # | | URL | Store | Damages |
|---|---|---|---|---|
| 65 | | https://www.walmart.com/ip/3932991440 | | |
| 66 | | https://www.walmart.com/ip/2319554695 | | |
| 67 | | https://www.walmart.com/ip/3407224250 | | |
| 68 | | https://www.walmart.com/ip/1927087904 | | |
| 69 | | https://www.walmart.com/ip/3170005415 | | |
| 70 | | https://www.walmart.com/ip/3557549831 | | |
| 71 | | https://www.walmart.com/ip/1173694408 | | |
| 72 | | https://www.walmart.com/ip/3449244525 | | |
| 73 | | https://www.walmart.com/ip/2799769187 | | |
| 74 | | https://www.walmart.com/ip/1448564471 | Artnyutu | $30,000 |
| 75 | DHgate | deleted | | |
| 76 | | https://www.dhgate.com/product/smart-wearable-vibes-lush-2-vibrator-app/510714673.html | eric_lemon Store | $230,000 |
| 77 | | https://vi.aliexpress.com/item/1005002886624590.html | intimShopru Store | $230,000 |
| 78 | | https://vi.aliexpress.com/i/1005002336167576.html | Shop2813078 Store | $230,000 |
| 79 | | https://vi.aliexpress.com/item/1005005431981787.html | Shop1102725451 Store | $30,000 |
| 80 | Aliexpress | https://www.aliexpress.com/item/1005002676433492.html | XVLEPS Authorized Store | $30,000 |
| 81 | | https://www.aliexpress.com/item/1005005431981787.html | Shop1102725451 Store | $30,000 |
| 82 | | https://www.aliexpress.com/i/1005003533462832.html | Yongyer's Store | $30,000 |

*An award of $30,000 in damages indicates that the Plaintiff alleged in the Third Amended Complaint, and the Court held in the Default Judgment Order, that the Defendant store infringed only Plaintiff's Copyright rights. An award of $230,000 in damages indicates that the Defendant store infringed both the Plaintiff's Copyright and Trademark rights.